UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
RYAN HORTON,         Docket No.: 2:24-cv-07883
       (SJB)(AYS)

       Plaintiff,

-against-         **DECLARATION OF PABLO A. FERNANDEZ IN SUPPORT OF MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCO, in his individual and official capacities, LT. DONNERY, in his individual and official capacities, CORRECTIONS OFFICER HOLMES, in his individual and official capacities, and CORRECTIONS OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities,

       Defendants.
------------------------------------------------------------------------ X

       **PABLO A. FERNANDEZ**, an attorney admitted to practice in the United States District Court for the Eastern District of New York, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

       1.      I am a Partner at Horn Wright, LLP, attorneys of record for Plaintiff Ryan Horton in the above-captioned action and am fully familiar with all of the facts and circumstances stated herein. Said familiarity is based upon the contents of the file my office maintains on this matter.

       2.      This Declaration is respectfully submitted in support of Horn Wright, LLP's (the "Firm") motion, pursuant to Local Rule 1.4, for an Order: (i) authorizing the withdrawal of Horn Wright, LLP as attorneys of record for Plaintiff Ryan Horton, and discharging said firm and its attorneys from further representation duties herein; (ii) adjourning any pending motions and/or scheduling deadlines affecting the parties for at least forty-five (45) days from the date of entry of the Order discharging Horn Wright, LLP as attorneys of record, so as to afford Plaintiff an

opportunity to retain new counsel and for his new counsel to become familiar with the file; and (iii) for such other and further relief as this Court deems is just and proper.

3. The basis of the motion is that disputes have arisen between Plaintiff and the Firm involving strategy, as well as other issues, causing the Firm to seek relief from its duties and obligations. Moreover, Plaintiff has stated that there has been a disconnect in communications, which is evident from Plaintiff's letter to the Court. *DE36*. This Firm and undersigned dispute Plaintiff's assertions of failing to communicate with him and/or informing him of the status of the litigation.

4. Without waiving my client's right to confidentiality pursuant to the attorney-client privilege, I am disclosing the nature and existence of current disagreements and impasses which make continued representation impossible.

5. The undersigned has given Plaintiff advice regarding litigation, discovery, and burdens of proofs, and has explained Plaintiff's obligations pursuant to the Federal Rules of Court. I have also explained my duties as an officer of the court under the RPCs, such as my duty of candor to the tribunal and to litigate the matter in good faith and in observance of the Rules of Court that bind Plaintiff in this matter.

6. I have counseled Plaintiff, since February 24, 2025, when Plaintiff retained Horn Wright, LLP to represent him in the above-entitled action and with regard to a number of critical aspects, as well as duties and burdens of proof as Plaintiff in this matter.

7. During the course of representation, this Firm has routinely communicated with Plaintiff via telephone and in person as to the status of his case, as well as provided requested copies of filings for the instant matter. I have further instructed Plaintiff that, in instances where I am not available, he can communicate with Ms. Sheetal Paul.

8. Recently however, Plaintiff and counsel have had an irreconcilable breakdown of communication which cannot be overcome, making continued representation impossible. N.Y. Rules of Professional Conduct 1.16(c)(4) and (7).

9. The attorney-client relationship has irreparably deteriorated to the point that we can no longer continue to represent Plaintiff.

10. Therefore, we write to respectfully request that Horn Wright, LLP and its attorneys be relieved as counsel for Plaintiff and allow the Plaintiff forty-five (45) days to retain new counsel in this matter.

11. The undersigned is not seeking a charging lien or retaining lien on this case.

12. Withdrawal of counsel is mandatory, in the undersigned's opinion, as per the foregoing paragraphs. Under the above circumstances, continued representation is impossible, and withdrawal can be accomplished without any material adverse effect on the interests of Plaintiff.

13. If the court requires more information, I will make myself available to review the matter *in camera* and *ex parte* as may be required.

14. I hereby swear and affirm that the above information is true and accurate and am aware that, if any such information is willfully false, I may be subject to punishment.

15. Attached hereto as **Exhibit "1"** for the Court's consideration is a proposed order.

16. I further certify that copies of this motion and declaration have been served upon all counsel of record and Plaintiff, at the addresses reflected in ECF for communication and to the address used throughout the course of my attorney-client relationship with Plaintiff.

**WHEREFORE**, for the foregoing reasons, Horn Wright, LLP respectfully requests this court issue an Order: (i) authorizing the withdrawal of Horn Wright, LLP as attorneys of record for Plaintiff Ryan Horton and discharging said firm and its attorneys from further representation

duties herein; (ii) adjourning any pending motions and/or scheduling deadlines affecting the parties for at least forty-five (45) days from the date of entry of the Order discharging Horn Wright, LLP as attorneys of record, so as to afford Plaintiff an opportunity to retain new counsel and for his new counsel to become familiar with the file; and (iii) for such other and further relief as this Court deems is just and proper.

Dated: Garden City, New York
February 11, 2026

By:    /S/ Pablo A. Fernandez
Pablo A. Fernandez, Esq.