UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
RYAN HORTON,               **Docket No.: 2:24-cv-07883
                                  (SJB)( AYS)**

                              Plaintiff,

      -against-

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF
ANTHONY J. LaROCCO, in his individual and official
capacities, LT. DONNERY, in his individual and official
capacities, CORRECTIONS OFFICER HOLMES, in his
individual and official capacities, and CORRECTIONS
OFFICER JOHN DOES #1-10 (fictitiously named), in their
individual and official capacities,

                              Defendants.
------------------------------------------------------------------------ X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL

**HORN WRIGHT, LLP**
400 Garden City Plaza, Suite 500
Garden City, New York 11530

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................2

POINT I
LOCAL CIVIL RULE 1.4 AND RULE 1.16 OF THE NYS RULES OF
PROFESSIONAL CONDUCT AUTHORIZE WITHDRAWAL UNDER
THE CIRCUMSTANCES ......................................................................................................2

POINT II
WITHDRAWAL OF THE FIRM WILL NOT PREJUDICE EITHER PARTY ............................3

CONCLUSION.......................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Diarama Trading Company, Inc. v. J. Walter Thompson USA, Inc.,*
  2005 WL 1963945 (S.D.N.Y. 2005)............................................................................................. 3
*Hallmark Capitol Corp. v. Red Rose Collection, Inc.*
  1997 WL661146 (S.D.N.Y. 1997).............................................................................................. 3
*Milltex Group Inc. v. Gossard & Berlei Ltd.*,
  No. 15-CV-10002 (RA), 2017 WL 9771811 at *1 (S.D.N.Y. 2017)......................................... 2
*SEC v. Pentagon Capital Mgt. PLC*,
  No. 08-CV-3324, 2013 WL 5815374, at *3-4 (S.D.N.Y. 2013) ............................................... 2

**Other Authorities**

Local Civil Rule 1.4.................................................................................................................... 1, 2
N.Y. Rules of Professional Conduct 1.16(c)(4) and (7) ........................................................... 1, 2, 3

i

## **PRELIMINARY STATEMENT**

Pursuant to Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, Horn Wright, LLP (the "Firm"), counsel for Plaintiff Ryan Horton ("Horton" or "Plaintiff"), hereby respectfully submits this Memorandum of Law in Support of its Motion to Withdraw as counsel for Plaintiff in the above-captioned matter and for all dates in the case to be briefly adjourned pending the resolution of this motion in the event that this application is granted.

The Firm seeks leave to withdraw as counsel of record for Plaintiff on the grounds that Plaintiff and counsel have had an irreconcilable breakdown of communication which cannot be overcome, making continued representation impossible. N.Y. Rules of Professional Conduct 1.16(c)(4) and (7) (*Id.*).

The Firm has served Plaintiff with the instant Motion to Withdraw. Accordingly, the Firm respectfully requests that this Court grant the Motion to Withdraw and enter an Order: (i) authorizing the withdrawal of Horn Wright, LLP as attorneys of record for Plaintiff Ryan Horton, and discharging said firm and its attorneys from further representation duties herein; (ii) adjourning any pending motions and/or scheduling deadlines affecting the parties for at least forty-five (45) days from the date of entry of the Order discharging Horn Wright, LLP as attorneys of record, so as to afford Plaintiff an opportunity to retain new counsel and for his new counsel to become familiar with the file; and (iii) for such other and further relief as this Court deems is just and proper. The Firm's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

# ARGUMENT

## POINT I

### LOCAL CIVIL RULE 1.4 AND RULE 1.16 OF THE NYS RULES OF PROFESSIONAL CONDUCT AUTHORIZE WITHDRAWAL UNDER THE CIRCUMSTANCES

Withdrawal of counsel in this District is governed by Local Rule 1.4, which provides:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

In considering whether to grant a motion to withdraw, district courts must analyze two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Milltex Group Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002 (RA), 2017 WL 9771811 at *1 (S.D.N.Y. 2017). It is well-settled, however, that a court has "considerable discretion in deciding a motion for withdrawal of counsel" and can impose conditions before allowing counsel to do so. See *SEC v. Pentagon Capital Mgt. PLC*, No. 08-CV-3324, 2013 WL 5815374, at *3-4 (S.D.N.Y. 2013).

Pursuant to Local Rule 1.4 of the Eastern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal…." The New York State Rules of Professional Conduct permits withdrawal of counsel where "the client insists upon taking action with which the lawyer has a fundamental disagreement" [NYS RPC 1.16 (c)(4)] and "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." [NYS RPC 1.16(c)(7)].

In this case, as detailed in the Declaration of Pablo A. Fernandez ("Fernandez DEC"), Plaintiff has made it clear that he believes there has not been any communications with the Firm, with which the undersigned and this Firm fundamentally disagree with. *Fernandez DEC*, ¶3. Further, we have reached an impasse on several issues that create more than "unreasonable difficulty" in representing Plaintiff and the impasse is of such a nature that continued representation is not feasible. *Fernandez DEC*, ¶4. This has resulted in a breakdown in communication between the Firm and Plaintiff. Moreover, Plaintiff has stated that he believes there has been no communication with the Firm for over a month as evidenced, in part, by Plaintiff's recent letter to the Court [*DE36*], which the Firm disputes.

These disagreements have caused the attorney-client relationship to irreparably deteriorate to the point that this firm can no longer continue to represent Plaintiff. *Diarama Trading Company, Inc. v. J. Walter Thompson USA, Inc.,* 2005 WL 1963945 (S.D.N.Y. 2005); *Hallmark Capitol Corp. v. Red Rose Collection, Inc*. 1997 WL661146 (S.D.N.Y. 1997).

## POINT II

## WITHDRAWAL OF THE FIRM WILL NOT PREJUDICE EITHER PARTY

Consideration is also given as to whether the prosecution of the suit is likely to be disrupted. Here, there is likely to be negligible disruption to the prosecution of the case. At this stage of the litigation, discovery has not commenced. The Amended Complaint was filed on August 20, 2025. [*DE27*]. Defendants have waived service [*DE 31-34*] and have appeared. Defendants filed their Answer to the Amended Complaint on December 29, 2025 [*DE 35*]. Discovery has not commenced. Plaintiff filed his letter on January 27, 2026. Withdrawal from this matter will not cause substantial damage or be detrimental to the rights of either party.

3

## CONCLUSION

For the foregoing reasons, the Firm respectfully requests that the Court grant its motion to withdraw as counsel of record for Plaintiff and this action be stayed for a reasonable amount of time for Plaintiff to engage new counsel.

Dated: Garden City, New York
February 11, 2026

> **HORN WRIGHT, LLP**
> *Attorneys for Plaintiff*
>
> By:   */S/ Pablo A. Fernandez*
> Pablo A. Fernandez, Esq.
> 400 Garden City Plaza, Suite 500
> Garden City, New York 11530
> Ph: 516.355.9696
> paf@hornwright.com